**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Laraine Young, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 8723 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Laraine Young, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Laraine Young ("Young"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed to Woman Within/World Financial Network National Bank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business from its offices in Chicago, Illinois, and eight other states, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, phone calls, credit reporting and lawsuits.

6.      Defendant Asset is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Asset conducts business in Illinois.

7.      Moreover, Defendant Asset is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Asset acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

8.      Ms. Young is a disabled woman, with limited assets and income, who fell behind on paying her bills,  including an account with Woman Within/World Financial Network National Bank ("WFNNB").  At some point in time after that debt became delinquent, Defendant Asset bought Ms. Young's WFNNB account, and when Asset began trying to collect this debt from her, by sending her a collection letter dated June

1, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Asset's collection actions.  A copy of the June 1, 2011 collection letter is attached as Exhibit <u>C</u>.

9.      Accordingly, on July 25, 2011, one of Ms. Young's attorneys at LASPD informed Asset, in writing, that Ms. Young was represented by counsel, and directed Asset to cease contacting her, and to cease all further collection activities because Ms. Young was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of LASPD's letter and fax confirmation are attached as Exhibit <u>D</u>.

10.      Nonetheless, Defendant Asset sent a collection letter, dated August 1, 2011, directly to Ms. Young, in which it continued to demand payment of the WFNNB debt.  A copy of this letter is attached as Exhibit <u>E</u>.

10.      Accordingly, on November 1, 2011, Ms. Young's LASPD attorney had to send Defendant Asset another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit <u>F</u>.

11.      Defendant Asset's collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendant Asset's collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.    Here, the letter from Ms. Young's, agent, LASPD, told Defendant Asset to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Asset violated § 1692c(c) of the FDCPA.

16.    Defendant Asset's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.    Defendant Asset knew that Ms. Young was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Asset to cease directly communicating with her.  By directly sending Ms. Young a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Laraine Young, prays that this Court:

1.     Find that Defendant Asset's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Young, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Laraine Young, demands trial by jury.

Laraine Young,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  December 8, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com